Joseph A. **CAMPBELL**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 22214.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 2, 1969.

Decided June 23, 1970.

Mr. Richard M. Sharp, Washington, D. C. (appointed by this court), for appellant.

Mr. Benno C. Schmidt, Jr., Sp. Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty. at the time the record was filed, Miss Carol Garfiel, Asst. U. S. Atty. at the time the record was filed, and Mr. John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, Chief Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

We remanded this case to the District Court for a hearing pursuant to the following order:

"The only issue raised on this appeal relates to identification. Before Stovall v. Denno, 388 U.S. 293 [87 S.Ct. 1967, 18 L.Ed.2d 1199] (1967), a hospital identification of appellant was made by Government witnesses. After *Stovall* an identification hearing was held by the trial court which resulted in a ruling that the in-court identification was admissible. In spite of this limited ruling, to which objection was duly recorded by appellant, testimony as to the hospital identification as well as the in-court identification was admitted in evidence. At the time the trial court made its ruling it did not have the benefit of this court's opinion in *Clemons-Clark-Hines* (Clemons v. United States, [133] U.S.App.D.C. [27], 408 F.2d 1230 (1968) (*en banc*). Nor did it have the benefit of the testimony of the hospital personnel who treated appellant when he entered Providence Hospital on March 1, 1967, five days after the robbery.

"It is, therefore, ORDERED by the court that this case be remanded for a hearing to determine:

"1. When appellant received his gun wound. Medical personnel from the hospital, among others, should be called for this purpose.

"2. Whether under the principles announced in *Clemons-Clark-Hines* the in-court identification of appellant was properly admitted in evidence.

"3. Whether under the principles announced in *Clemons-Clark-Hines* the hospital identification of appellant was properly admitted in evidence.

"4. Whether under the principles announced in *Clemons-Clark-Hines* the identification of appellant outside the hospital testified to by the witness Graves (Tr. 151) was properly admitted in evidence."

The District Court found that there was no relationship between appellant's gun wound and the robbery in suit,[1] that the in-court identification of appellant was properly admitted in evidence, that the hospital identifications of appellant were improperly admitted in evidence, and that the identification of appellant outside the hospital was improperly admitted in evidence. We affirm these findings of the District Court on remand.

■ At trial the Government relied heavily on the assumption that appellant received his gun wound in the robbery with which he was charged. Its witnesses, including the complaining witness and a ballistics-fabrics expert who traced the course of the bullet as it traveled through appellant's clothing and body, testified to this effect throughout the trial, and the prosecutor in her summation alluded to this "fact" eight times. Now it appears that appellant's wound was unrelated to the robbery. Under the circumstances, elemental due process considerations require that the conviction be reversed.[2]

1. The memorandum opinion of the District Court on remand, as it relates to the age of appellant's gun wound, states:

"(1) *The age of the wound*

"The medical personnel at Providence and D. C. General Hospitals, who would have been able to testify on this aspect of the case, have long since left Washington, D. C. They were, however, contacted by letters (exhibits to appellant's pretrial memorandum) and it was stipulated between counsel for the appellant and counsel for the Government that the letters would serve in lieu of sworn testimony. On the basis of those letters, the sequence would appear to be as follows.

"Campbell was admitted to the emergency ward of Providence Hospital at 11:51 a. m. on March 1, 1967, five days after the robbery took place. Dr. Moon, the admitting physician, recorded that the gunshot wound had been received at 11:41 that same day. (This fact, of course, would have been supplied by the appellant upon his entry to the hospital).

"Campbell was also seen at Providence Hospital by Dr. Nestor Cruz (presently a resident of Bogota, Columbia [*sic*]) who informed the Court in his letter that:

"'The wound that Mr. Campbell exhibited on his left shoulder looked to me fresh, but it was suggested by a policeman that the bleeding that the wound presented had been occasioned by self-scratching and at that point I do remember; it was impossible for me to tell whether or not this wound was fresh.'

"Later in the same day Campbell was transferred to the D. C. General Hospital where he was admitted to the emergency ward at 5:50 p. m. The principal physician at that hospital, Dr. Richard E. Silberman (presently at-tached to County General Hospital, Milwaukee County, Wisconsin), states:

"'It is important to note that my entire internship training, as well as all my subsequent training, has been in Internal Medicine. Therefore, I rarely have occasion to treat trauma. Consequently, I have no established mode of handling gunshot wounds.

"'As I recall, the wound was not bleeding when I saw Mr. Campbell. This would only tend to favor an old wound. Of course, this may mean only a few hours old. On the other hand, the wound edges were clean with little necrotic (dead) tissue at the entrance or exit orifices. Furthermore, there was no evidence of infection in the soft tissues surrounding the wounds. These factors would favor a fresh wound. Moreover, the openings were patent, i. e., there was no indication that enough time had elapsed since the infliction of the wound to permit healing. Neither was there any additional trauma to the soft tissues to indicate that a deliberate attempt had been made to open the wound.

"'Generally, these are my impressions after some three years. While these are not 100% vivid, I would have to say, to the best of my recollection, that the wound was less than 48 hours and perhaps 24 hours old.'

"None of the testimony recited above is persuasive one way or the other as to the exact age of the wound. But none of it on the other hand dates the wound beyond 48 hours prior to the admission to Providence Hospital—whereas the robbery had taken place five days prior thereto. The Court accordingly concludes that the wound was not received in the course of the robbery."

(Footnote omitted.)

2. It should be noted that the District Court on remand was not requested to act on its findings.

■ This conviction must be reversed for still another reason. The District Court now has also found that three pretrial identifications of appellant conducted by the police were impermissibly suggestive. Under the teaching of *Stovall* the admission into evidence of these identifications also violated due process. Since it cannot be held that this evidence was harmless beyond a reasonable doubt, a conviction based on it may not stand. *See* Clemons v. United States, *supra*.

Reversed.